RUTH FAULHABER, APPELLEE, V. ALFRED J. GRISWOLD ET AL., APPELLANTS.

FILED FEBRUARY 10, 1933. No. 28343.

*L. R. Doyle* and *O. B. Clark,* for appellants.

*George I. Craven, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ., and RAPER, District Judge.

GOOD, J.

This is an action to recover damages for personal in-

juries in which plaintiff recovered judgment, and defendants have appealed.

The injuries of which plaintiff complains are alleged to have been sustained as the result of a collision between an automobile, owned and driven by plaintiff's father, in which she was riding as a passenger, and a truck owned by Griswold-Comstock, Inc., (hereinafter called the company) and being driven by defendant Alfred J. Griswold. Plaintiff alleges that the truck, at the time of the collision, was being operated in the business of the company and by Griswold as its agent, and that the negligence of Griswold was, therefore, imputable to the company. The defendant company's answer contains the following admission: "Admits that on or about the 28th day of May, 1931, at about the time stated by plaintiff, at the intersection of 29th and O streets, city of Lincoln, Lancaster county, Nebraska, the automobiles driven by *said* defendant and Alex L. Faulhaber collided;" denies all the other allegations in the petition; and alleges that at and prior to the time of the collision plaintiff was suffering from dementia præcox and that the accident neither caused nor contributed to said ailment. Defendant Griswold in his answer admits the collision at the time, but alleges that it was due solely to the negligence of plaintiff's father who was driving the car in which she was riding; denies the other allegations of plaintiff's petition, and makes substantially the same averment with respect to plaintiff's ailment as does the company.

At the close of all the evidence the company moved for a directed verdict, on the ground that there is no evidence tending to prove that at the time of the collision the truck was being used in any business of the company, and on the ground that the evidence shows that the truck was being driven solely for the use and personal convenience of defendant Griswold. The motion was overruled. This ruling is complained of as error, and it is also contended that the court erred in failing to instruct the jury that the company could not be liable unless the

evidence showed that at the time of the collision the truck was being used in the business or on behalf of the company.

We think the trial court did not err in this respect. As above noted, the admission in the answer of the company is that the truck, at the time of the collision, was being driven or operated by the company. Consequently, there was no issue presented by the pleadings upon this question to be submitted to the jury. In view of this admission, the plaintiff was not bound to offer any evidence upon this subject. Since no issue was presented by the pleadings, there was no occasion for any instruction by the court upon this question.

Defendants contend that the evidence is insufficient to establish that the collision was the result of the negligence of defendants. The evidence on behalf of plaintiff was that defendant Griswold drove his truck directly into and against the car in which plaintiff was riding. The evidence on behalf of defendants was to the effect that plaintiff's father drove his car into or against the truck being operated by Griswold. The evidence is in sharp and irreconcilable conflict.

Defendants argue that the evidence is insufficient to prove that the plaintiff suffered any injury as the result of the collision, and that the evidence establishes that the ailment from which plaintiff is suffering is due to an inherited disease and not to any injury sustained in the accident. The evidence on behalf of plaintiff tends to prove that at the time of the collision she was thrown forward in the car and received a bump on the top of her head; that almost immediately thereafter she was suffering from shock, fright and severe headaches, and that she continued to suffer therefrom and became extremely nervous. Within a few days she showed mental disturbance, and a few weeks thereafter she was committed to the state hospital for insane where she now remains. The evidence on behalf of plaintiff tends to prove that the injury, shock and fright which she suffered

as the result of the collision contributed to and caused her mental condition.

The evidence on behalf of defendants is to the effect that plaintiff is suffering from dementia præcox; that it is an inherited mental disease, and that the injury, shock and fright did not cause or contribute to her condition. Medical testimony on behalf of plaintiff tends to show that she might have gone through life without ever developing dementia præcox but for the injury, resulting in the shock and fright, and that, in the opinion of such witness, the injury, shock and fright caused the development of the disease.

There is a conflict in the evidence with respect to the negligence of defendants and as to whether plaintiff's mental condition was caused by the injury and as a result of defendants' negligence. These were questions of fact for the jury to determine. The verdict of a jury in a law action, based on conflicting evidence, will not be disturbed unless clearly wrong. From the record presented, we are unable to say, as a matter of law, that the verdict is clearly wrong.

Defendants complain of the admission of evidence, but in this respect no error has been found.

No valid ground for reversal of the judgment appears. It is therefore

AFFIRMED.